IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY SODANO; JASON SODANO,

Plaintiffs, No. 2:12-cv-00369 KJM KJN PS

v.

CHASE BANK USA, NA; CHASE BANK CARD SERVICES,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Presently before the court are: (1) plaintiffs' motion to remand this case to the Small Claims Division of the Yolo County Superior Court (Dkt. No. 3); and (2) Chase Bank USA, Inc.'s ("Chase") motion to dismiss plaintiffs' amended complaint and, in the alternative, motion to strike (Dkt. No. 10).[1] Although plaintiffs did not properly notice their motion to remand for a hearing as provided in Local Rule 230 (see Minute Order, Feb. 24, 2012, Dkt. No. 7), and plaintiffs did not re-notice that motion, the court considers plaintiffs' motion to remand because it is fully briefed and challenges whether this court can exercise removal and subject matter jurisdiction over plaintiffs' claims.

The court heard this matter on its April 26, 2012 law and motion calendar.

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiffs, who are proceeding without an attorney, appeared at the hearing and represented themselves. Attorney George G. Weickhardt appeared on behalf of Chase.

The undersigned has fully considered the various moving and opposition papers, the parties' oral arguments, and appropriate portions of the record in this case. For the reasons that follow, the undersigned recommends that: (1) plaintiffs' motion to remand be denied, (2) Chase's motion to dismiss be granted, but that plaintiffs be granted leave to amend in part; and (3) Chase's motion to strike be denied.

I. BACKGROUND

On January 18, 2012, plaintiffs initiated this case by filing a form complaint in the Small Claims Division of the Yolo County Superior Court ("Small Claims Court"), naming Washington Mutual Bank, F.A. and Washington Mutual Finance, Inc. as defendants ("Washington Mutual Defendants"). (See Pls.' Claim and Order to Go to Small Claims Court ("Complaint"), attached as Ex. A to Notice of Removal, Dkt. No. 1 at 6-11.[2]) Plaintiffs claimed that the Washington Mutual Defendants were liable to plaintiffs for $7,500 pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., for, in part, "selling off fraudulent debts that did not belong to either [plaintiff]." (Compl. at 2, Dkt. No. 1 at 7.)

Plaintiffs contend that the amount of an underlying alleged debt—an alleged credit card charge—was disputed by plaintiffs and thereafter "removed from the credit bureaus," but that the Washington Mutual Defendants continued to "sell fraudulent claims to collection agencies." (Compl. at 2, Dkt. No. 1 at 7.) Plaintiffs sought relief from the Washington Mutual Defendants pursuant to un-enumerated provisions of the FCRA for "providing false information to all credit bureaus and ignoring the affidavits, police report, and removal of the accounts from

////

////

[2] For ease of reference, citations to the pages of certain pleadings and other documents will be to the page assigned by the court's electronic filing system.

all credit reporting agencies."[3] (Compl. at 2-3, Dkt. No. 1 at 7-8.) Although the exact nature of the alleged credit card debt at issue is unclear, a hand-written attachment to the form Complaint, which appears to have been prepared by plaintiff Tiffany Sodano, includes the following narrative summary plaintiffs' claim or claims:

> This is not my debt. It never was my debt. I followed proper procedure in disputing this claim. I filed an affidavit issued by WaMu, then obtained a police report and disputed the writing on the check.
>
> The Credit Reporting agencies removed any connection to this WaMu account and Walmart because I was a victim of identity theft. WaMu has continually sold this fraudulent account balance as well as charged it off. Now they have sold this balance to a company who is now billing both my husband and I for charges we did not make. We are suing for the balance, of the fraudulent charges, the interest we have been subjected to. The mental anguish, the violations against FCRA for providing improper information to consumer reporting agencies—$1000 for me and $1000 for my husband, the damage they are continuing to do to our peace of mind and the negligence of handling this dispute properly as WaMu should have done when it was filed and proved to Not belong nor never belonged to either Jason Sodano or myself. The total damages being sought are the maximum that can be awarded due to the blatant disregard for proper procedure. And for the improper use of positions of authority and privacy by selling debts to collection agencies with balances we never owed.

(Compl. at 3-5, Dkt. No. 1 at 8-10.)

On February 6, 2012, plaintiffs filed an amended version of their form "Claim and Order to Go to Small Claims Court," which is referred to herein as the "Amended Complaint" and is attached as an exhibit to plaintiffs' motion to remand (Dkt. No. 3 at 7-12). The allegations in the Amended Complaint do not materially differ from the original Complaint, except that the named defendants are listed as Chase Bank USA, N.A. and Chase Bank Card Services. (Am. Compl. at 2, Dkt. No. 3 at 8.) The Amended Complaint attaches the same narrative description

---

[3] Although it is certain from plaintiffs' pleadings, plaintiffs might be alleging a violation of 15 U.S.C. § 1681s-2(a)(1)(A), which, in part, provides: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Analogous provisions under California law are contained in statutes including California Civil Code § 1785.25.

of plaintiffs' claims that was attached to the original Complaint. (Am. Compl. at 3-5, Dkt. No. 3 at 8-10.)

Chase removed plaintiffs' case to federal court on February 10, 2012, "appearing specially in this action as a defendant." (Notice of Removal ¶ 4.) Chase indicated that it was appearing specially "as assignee of certain assets and liabilities of Washington Mutual, F.A from the Federal Deposit Insurance Corporation acting as receiver," (id. at 1), but that Chase Bank USA, N.A. had not "assumed liability for borrower claims related in any way to any loan or commitment to lend made by Washington Mutual Bank, F.A. prior to its September 2008 failure." (Id. ¶ 3.)

Chase's removal was premised on the filing and service of plaintiffs' original Complaint because, according to Chase, it had not been served with the Amended Complaint prior to the date of removal to federal court. (See Notice of Removal ¶ 8; Chase's Opp'n to Mot. to Remand at 2, Dkt. No. 5.) Chase asserts that it was served with plaintiffs' Amended Complaint on February 16, 2012, which was the date that plaintiffs filed and served their motion to remand. (Chase's Opp'n to Pls.' Mot. to Remand at 2-3.)

As noted above, plaintiffs filed a motion to remand this matter to the Small Claims Court on February 16, 2012 (Dkt. No. 3). Plaintiffs defectively noticed their motion and did not properly re-notice that motion after prompting by the court. (See Minute Order, Feb. 24, 2012.) Nevertheless, Chase filed an opposition to plaintiffs' motion to remand, again "appearing specially," and the motion to remand is now fully briefed.

Prior to any resolution of plaintiffs' motion to remand, Chase filed its motion to dismiss and, in the alternative, motion to strike (Dkt. No. 10). Unlike Chase's Notice of Removal and opposition to the motion to remand, Chase's motion to dismiss and strike does not include a representation that Chase is "appearing specially." Plaintiffs filed a timely opposition to Chase's motion, which again indicates plaintiffs' desire that this case be remanded to the Small Claims Court. (See Pls.' Opp'n to Mot. to Dismiss & Strike at 1, Dkt. No. 14).

II. DISCUSSION

A. Plaintiffs' Motion to Remand

Plaintiffs move to remand this case to the Small Claims Court on the ground that a jurisdictional provision in the FCRA providing concurrent federal and state jurisdiction over FCRA claims, see 15 U.S.C. § 1681p, authorized plaintiffs to file their lawsuit in the Small Claims Court. (See Mot. to Remand at 1-3.) Plaintiffs' motion also appears to rely on a venue provision found in the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., although it is unclear from plaintiffs' filings what substantive provision or provisions of the FDCPA, if any, underlie plaintiffs' Amended Complaint. (See Mot. to Remand at 3.)

In relevant part, the general federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

Here, Chase argues, in essence, that although the FCRA permitted plaintiffs to *initiate* their lawsuit in the Small Claims Court, the provision of concurrent jurisdiction in the FCRA did not prevent Chase from removing the case to federal court on the basis of plaintiffs' claims arising under federal law. Chase contends that plaintiffs' claims premised on the FCRA rendered this case removable because this federal court has original, federal question subject matter jurisdiction over the FCRA claims pursuant to 28 U.S.C. § 1331.

Plaintiffs rely on 15 U.S.C. § 1681p as the basis for their argument that this court

lacks subject matter jurisdiction over their claims. In relevant part, 15 U.S.C. § 1681p provides: "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . . ." The parties do not dispute that 15 U.S.C. § 1681p authorized plaintiffs to file their lawsuit in the Small Claims Court. But as Chase persuasively argues that the FCRA's provision *permitting* the filing of suit in "any other court of competent jurisdiction" does not necessarily *prohibit* the removal of such a case to federal court.

In regards to the court's original jurisdiction, plaintiffs' claims premised on 15 U.S.C. § 1681, which appear on the face of the Complaint and the Amended Complaint, provide this court with original, federal question jurisdiction and thus a basis for the removal of this action under 28 U.S.C. § 1441(a). See, e.g., Hukic v. Aurora Loan Servs., 588 F.3d 420, 429 (7th Cir. 2009) (rejecting appellant's challenge to the court's subject matter jurisdiction because plaintiff's complaint alleged a claim pursuant to 15 U.S.C. § 1681, which provided the district court with original jurisdiction).

Chase acknowledges a split of district court-level authority regarding whether the concurrent jurisdiction provided in 15 U.S.C. § 1681p bars removal. However, Chase cites to the Eleventh Circuit Court of Appeals's decision in Lockard v. Equifax, Inc., 163 F.3d 1259 (11th Cir. 1998), where the Court of Appeals acknowledged the split of authority and concluded that the provision of concurrent jurisdiction in 15 U.S.C. § 1681p does not bar otherwise proper removal. Lockard, 163 F.3d at 1264-65 ("We hold that the sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under the FCRA, and that the provision of concurrent jurisdiction does not prohibit removal."). The undersigned finds Lockard persuasive and concludes that Congress did not intend to limit removal of FCRA claims by enacting 15 U.S.C. § 1681p, especially in light of the statute's permissive wording, "may be brought." Cf. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 753 n.15 (2012) ("When Congress wants to make federal claims instituted in state court nonremovable, it says just that.").

As stated in Lockard, "[a]llowing an action to be 'brought' in a particular court allows the plaintiff to initiate a suit in that court, but provides no guarantee that the suit will end in that same court." Lockard, 163 F.3d at 1264.[4] Accordingly, the undersigned recommends that plaintiffs' motion to remand be denied.

Before turning to Chase's motions, however, the undersigned briefly addresses one issue that prompted initial concern about the propriety of Chase's removal. The undersigned was confused by Chase's representations in its notice of removal and in opposing plaintiffs' motion to remand that Chase was appearing "specially" in this court. This confusion, which was compounded by the fact that Chase did not specially appear when it filed its motion to dismiss and strike, led to the concern that Chase was not—or Chase believed it was not—a defendant that could have removed this case to federal court.[5] However, at the hearing, Chase clarified that it was entitled to remove this case to federal court because plaintiffs amended their Complaint to name Chase Bank USA, N.A. and Chase Bank Card Services prior to the date that Chase filed its

---

[4] At least one respected treatise is in accord, and opines that the "correct view" is that the provision of concurrent jurisdiction does not bar removal in the absence of an express provision creating such a bar:

> Concurrent subject-matter jurisdiction, shared by state and federal courts, does not imply that removal is prohibited. The general removal statute, Section 1441(a) of Title 28, states that any civil action of which the federal district courts have original jurisdiction is removable unless "expressly provided by Act of Congress." Federal courts occasionally have construed instances of statutory ambiguity or silence as evidence of congressional intent to disallow removal, but the correct view, and the view most consistent with the language of Section 1441(a), is that, absent an express provision to the contrary, the removal right should be respected when there is concurrent federal and state subject-matter jurisdiction.

See 14C The Late Charles Alan Wright et al., Federal Practice & Procedure Juris. § 3728 (4th ed. Apr. 2012 update) (footnote omitted).

[5] See 28 U.S.C. § 1441(a) (providing that civil actions over which the court has jurisdiction "may be removed by the defendant or defendants"); 28 U.S.C. § 1446(a) (listing the documents that a "defendant or defendants desiring to remove any civil action" to federal court must file to effectuate the removal); see also Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").

notice of removal. Accordingly, despite all of the references to special appearances, Chase was indeed a named defendant at the time of removal.

B. Chase's Motion to Dismiss

Chase moves to dismiss plaintiffs' claims for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Before addressing the merits of Chase's motion to dismiss, the undersigned sets for the legal standards applicable to motions to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) because Chase's motion to dismiss challenges, in part, the court's jurisdiction over plaintiffs' claims.

1. Legal Standards

a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."). "When subject matter jurisdiction is challenged

under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010); accord Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009).

b. Motion to Dismiss for Failure to State A Claim

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under Iqbal.).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

2. The Motion to Dismiss

Turning to Chase's motion to dismiss, Chase argues that plaintiffs' claims should be dismissed because: (1) plaintiffs have not completed the Federal Deposit Insurance Corporation's ("FDIC") claims receivership process, which is a claims exhaustion process triggered by FDIC's appointment as receiver for Washington Mutual Bank; (2) Chase did not assume the Washington Mutual Bank Defendants' liabilities for borrowers' claims; and

////

////

////

(3) plaintiffs' claims are barred by the statute of limitations.[6]  Plaintiffs oppose Chase's motion, but do not directly address Chase's arguments.

        A discussion of FDIC's receivership over Washington Mutual Bank, a failed bank, is necessary to properly understand Chase's arguments.  On September 25, 2008, and following the seizure of Washington Mutual Bank, the U.S. Department of the Treasury's Office of Thrift Supervision ("OTS"), in cooperation with the FDIC, appointed FDIC as the receiver for Washington Mutual Bank pursuant 12 U.S.C. §§ 1281(c)(5)(c) and (E), among other statutes.  (See OTS Order No. 2008-36 (Sept. 25, 2008), attached as Ex. A to Krog Decl., Dkt. No. 10, Doc. No. 10-2.)[7]  See also Benson v. JPMorgan Chase Bank, N.A., Nos. 10-17402 & 10-17404, 673 F.3d 1207, 2012 WL 917579, at *1 (9th Cir. Mar. 20, 2012).[8]  Pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC succeeded to "all rights, titles, powers, and privileges" of Washington Mutual Bank.  The FDIC allocated Washington Mutual Bank's assets and liabilities pursuant to a Purchase and Assumption Agreement ("P&A Agreement") dated September 25, 2008, which was entered into by the FDIC in its capacity as receiver, the FDIC in its corporate capacity, and JPMorgan Chase Bank, N.A.  (See P&A Agreement, attached as Ex. B to the Krog Decl.)[9]  See also GECCMC 2005-C1 Plummer Street Office Ltd. P'ship v. JPMorgan Chase

---

[6] Chase moved to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, Chase's argument premised on plaintiffs' failure to exhaust their administrative remedies with the FDIC relies on a bar to this court's jurisdiction over certain types of claims.  Insofar as Chase's argument relies on a jurisdictional bar, Chase should have moved to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

[7] The court may, and does, take judicial notice of the OTS's order, which is an agency order and matter of public record.  See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997).

[8] In regards to the Benson decision, the pinpoint pages for that decision, as reported in the Federal Reporter, are not presently available.  Accordingly, the undersigned cites to an electronically reported version of that decision in these findings and recommendations.

[9] The court may, and does, take judicial notice of the P&A Agreement, which is a matter of public record.  The P&A Agreement is also publicly available at

Bank, N.A., 671 F.3d 1027, 1030 (9th Cir. 2012) (describing the P&A Agreement).

Pursuant to the P&A Agreement and except as otherwise stated in that agreement, the FDIC, as receiver, assigned to JPMorgan Chase Bank, N.A. "all right, title, and interest" of the FDIC to Washington Mutual Bank's assets. (P&A Agreement §§ 3.1, 3.5.) The P&A Agreement provides that although JPMorgan Chase Bank, N.A. assumed certain liabilities of Washington Mutual Bank, it did not assume "any liability associated with borrower claims for payment of or liability to any borrower." (Id. § 2.5.)

In its motion to dismiss, Chase argues that plaintiffs failed to exhaust certain administrative remedies with FDIC, which was acting as the receiver for Washington Mutual Bank. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), codified in relevant part at 12 U.S.C. § 1821(d)(3)-(10), "provides detailed procedures to allow the FDIC to consider certain claims against the receivership estate 'to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks.'" Benson, 2012 WL 917579, at *3 (internal citation omitted) (quoting McCarthy v. FDIC, 348 F.3d 1075, 1079 (9th Cir. 2003)). This administrative claims process gives rise to FIRREA's jurisdictional bar, which provides:

> (D) Limitation on judicial review
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> >
> > (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

---

http://fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf (*last accessed* on Apr. 26, 2012).

12 U.S.C. § 1821(d)(13)(D). "The phrase 'except as otherwise provided in this subsection' refers to a provision that allows jurisdiction after the administrative claims process has been completed." McCarthy, 348 F.3d at 1078 (citations omitted); accord Benson, 2012 WL 917579, at *4 ("FIRREA requires that a plaintiff exhaust these administrative remedies with the FDIC before filing certain claims.").

In Benson, the Ninth Circuit Court of Appeals clarified that FIRREA's jurisdictional bar applies to claims against: (1) failed banks; (2) the FDIC, acting as the receiver for a failed bank; and (3) "a purchasing bank when the claim is based on the conduct of the failed institution." Benson, 2012 WL 917579, at *6-7. However, the Court of Appeals held that "[c]laims of independent misconduct by an institution that purchases a failed bank are not covered by FIRREA's exhaustion requirement." Id. at *7; see also id. at *8 ("Purchase of a failed bank does not buy an institution immunity to continue in its predecessor's malfeasance.").

Here, plaintiffs' claims are, at least in part, premised on the alleged acts or omissions of the Washington Mutual Defendants, which thus triggered FIRREA's administrative exhaustion requirement. See 12 U.S.C. § 1821(d)(13)(D)(ii). Plaintiffs have not alleged that they exhausted their administrative remedies with the FDIC as required by FIRREA.[10] Accordingly, FIRREA's jurisdictional bar applies, and this court presently lacks jurisdiction over plaintiffs' claims to the extent that plaintiffs have alleged their claims against: (1) the Washington Mutual Defendants, i.e., the failed bank defendants; (2) the FDIC, acting as receiver for Washington Mutual Bank; and (3) Chase, insofar as those claims are alleged against Chase as a purchasing bank, but are nonetheless premised on the conduct of Washington Mutual Bank. In short, the court lacks jurisdiction over plaintiffs' claims to the extent that those claims are premised on the Washington Mutual Defendants' acts or omissions. Accordingly, the undersigned recommends the dismissal plaintiffs' claims premised on the Washington Mutual

[10] At the hearing, the undersigned asked plaintiffs if they had filed a claim with the FDIC in accordance with the claims exhaustion process. Plaintiffs did not state that they filed such a claim.

Defendants' acts or omissions so that plaintiffs may administratively exhaust those claims with the FDIC in accordance with FIRREA.

Although this court lacks jurisdiction over plaintiffs' claims premised on the Washington Mutual Defendants' conduct, plaintiffs have arguably alleged claims based on Chase's independent conduct. Plaintiffs' form Amended Complaint, which names Chase as a defendant, arguably alleges that Chase has continued the acts or omissions of the Washington Mutual Defendants that underlie plaintiffs' claims. (See Am. Compl. at 2, Dkt. No. 3 at 8 ("Defendant has reported amounts to collection agencies and continues to sell the fraudulent debt to third party collection companies.").) Plaintiffs need not exhaust claims that are asserted directly against Chase and are based on Chase's conduct independent of the Washington Mutual Defendants' conduct. Benson, 2012 WL 917579, at *7.

Plaintiffs' Amended Complaint does not clearly allege what unlawful conduct plaintiffs believe is independently attributable to Chase such that Chase could understand plaintiffs' claim or claims against it. This defect renders plaintiffs' Amended Complaint subject to dismissal. However, the undersigned recommends the dismissal of plaintiffs' Amended Complaint with leave to amend so that plaintiffs may attempt to assert claims that are based on Chase's independent conduct. Permitting plaintiffs to amend is particularly warranted here, where: (1) plaintiffs are proceeding without counsel; and (2) plaintiffs' Amended Complaint was pled on a form from the Small Claims Court, which is not conducive to the level of pleading required by Federal Rule of Civil Procedure 8(a) and applicable case law. As the undersigned stated at the hearing, plaintiffs should only re-raise their direct claims against Chase in an amended pleading if plaintiffs' have a good faith factual and legal basis to do so.

At the hearing, Chase's counsel represented that Chase does not own the alleged debt in question and lacks the power to forgive the alleged debt. Chase's counsel further represented that he believed the debt was sold to a "debt buyer" called Bureaus Investment Group, and that the debt has been sold and re-sold to additional debt buyers or purchasers.

Although plaintiffs might have great difficulty tracing the path of the alleged debt from debt buyer to debt buyer, plaintiffs should be granted leave to name additional defendants who might also be liable under the FCRA.

C. Chase's Motion to Strike

Finally, Chase argues that if the court denies its motion to dismiss, the court should, in the alternative, strike certain allegations or references in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).[11] Specifically, Chase moves to strike "all references to Washington Mutual and 'WaMu' and its alleged acts or omissions on the grounds that the claims lie against the assets of the former Washington Mutual Bank, not against Chase, and plaintiffs have failed to exhaust their administrative remedies in the FDIC receivership claims process." (Chase's Notice of Mot. & Mot. to Dismiss & Strike at 2, Dkt. No. 10; see also Chase's Memo. at 12-13.) Chase further moves to strike "all references to the FCRA, credit reporting, and requests for damages for violations of the FCRA, on the grounds that, according to documents attached to plaintiffs' complaint, there was no reporting of the subject credit card after June 2008, at the latest." (Chase's Notice of Mot. & Mot. to Dismiss & Strike at 2.) The latter aspect of the motion to strike consists of a substantive argument premised on the purported running of the applicable limitations period. (Id.; see also Chase's Memo. at 13.) In essence, Chase's motion to strike addresses the substance of plaintiffs' claims and effectively serves as another motion to dismiss.

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, and this court has

[11] The undersigned considers Chase's alternative motion to strike because of the recommendation that plaintiffs be granted leave to amend to state claims against Chase.

previously stated that a motion to strike brought pursuant to Rule 12(f) "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); see also Osei v. Countrywide Home Loans, 692 F. Supp. 2d 1240, 1255 (E.D. Cal. 2010).

The undersigned recommends that Chase's motion to strike be denied. As noted above, Chase is attempting to use a motion to strike as a means of challenging plaintiffs' claims on the merits. The bases for Chase's motion to strike are the substantive affirmative defenses of: (1) failure to exhaust administrative remedies; and (2) expiration of the statute of limitations. As an initial matter, Chase has made no showing that the allegations or references it seeks to have stricken constitute "redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). In any event, Chase's use of Rule 12(f) is impermissible because Chase is attempting to use Rule 12(f) as a substitute for a motion to dismiss brought pursuant to Rule 12(b)(6) or a motion for summary judgment. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . , we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."). Accordingly, Chase's motion to strike should be denied.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion to remand (Dkt. No. 3) be denied.

2. Defendants' motion to dismiss (Dkt. No. 10) be granted, and specifically that:

a. Plaintiffs' claims that are asserted against Washington Mutual Bank, F.A. and Washington Mutual Financial, Inc. or premised on those defendants' conduct be

dismissed without prejudice for failure to exhaust administrative remedies with the Federal Deposit Insurance Corporation, as provided in 12 U.S.C. § 1281(d)(3)-(10).

b. Plaintiffs' claims asserted against Chase Bank USA, N.A. and Chase Bank Card Services be dismissed with leave to amend, and that plaintiffs be given leave to file a second amended complaint that alleges claims premised on Chase Bank USA, N.A.'s or Chase Bank Card Services's independent conduct, as provided in Benson v. JPMorgan Chase Bank, N.A., Nos. 10-17402 & 10-17404, 673 F.3d 1207, 2012 WL 917579 (9th Cir. Mar. 20, 2012). Plaintiffs should also be granted leave to assert claims against "debt buyers" or "debt purchasers" that they believe, in good faith, are liable under the FCRA or other laws.

3. Defendants' motion to strike (Dkt. No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: April 30, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE