IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY SODANO, et al.,

     Plaintiffs,                         No. CIV-S-12-0369-KJM-KJN-PS

    vs.

CHASE BANK USA, NA, et al.,

     Defendants.                     ORDER

         On May 1, 2012, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. No objections were filed.

         The court presumes that any findings of fact are correct. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

/////

1

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed May 1, 2012, are ADOPTED.

2. Plaintiffs' motion to remand (Dkt. No. 3) is denied.

3. Defendants' amended motion to dismiss (Dkt. No. 10) is granted, and specifically that:

    a. Plaintiffs' claims that are asserted against Washington Mutual Bank, F.A. and Washington Mutual Financial, Inc. or premised on those defendants' conduct are dismissed without prejudice for failure to exhaust administrative remedies with the Federal Deposit Insurance Corporation, as provided in 12 U.S.C. § 1281(d)(3)-(10).

    b. Plaintiffs' claims asserted against Chase Bank USA, N.A. and Chase Bank Card Services are dismissed with leave to amend, and plaintiffs are granted leave to file a second amended complaint <u>within 30 days from the date of this order</u> that alleges claims premised on Chase Bank USA, N.A.'s or Chase Bank Card Services's independent conduct, as provided in *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207 (9th Cir. 2012). Plaintiffs are also granted leave to name and assert claims against "debt buyers" or "debt purchasers" that they believe, in good faith, are liable under the Fair Credit Reporting Act or other laws.

    Plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have

/////

1  waived any error in the ruling dismissing the prior complaint." *N.Y. City Employees' Retirement*
2  *Sys. v. Jobs*, 593 F.3d 1018, 1024-25 (9th Cir. 2010).
3      4.  Defendants' motion to strike (Dkt. No. 10) is denied.
4  DATED:   September 24, 2012.

                                              UNITED STATES DISTRICT JUDGE